United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-26-390 |
| | § | |
| JAMES MIKE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

A grand jury charged James Mike ("Defendant") with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] Pending before the court is Defendant's Motion to Dismiss (Docket Entry No. 18). The United States ("the Government") has filed the Government's Response in Opposition to Defendant's Motion to Dismiss Counts (Docket Entry No. 20).

Defendant argues that Count 1 should be dismissed because § 922(g)(1) "is unconstitutional as applied to him because it permits a conviction based solely on the fact that a firearm was manufactured outside of, and later transported into, the state in which it was possessed, without any showing of ongoing economic activity by him."[2] In support of his motion, Defendant argues that the

[1]Indictment, Docket Entry No. 1, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Defendant's Motion to Dismiss, Docket Entry No. 18, p. 1. Rule 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine (continued...)

Fifth Circuit, sitting en banc, has agreed to reconsider its § 922(g)(1) precedent, United States v. Squire, 182 F.4th 481 (5th Cir. 2026) (per curiam), and cites Justice Thomas' concurrence in United States v. Hemani, 146 S. Ct. 1677, 1694-98 (2026) (Thomas J., concurring), which asked lower courts to reexamine the constitutionality of § 922(g)(1) under the Commerce Clause.[3]

Section 922(g)(1) is not unconstitutional as applied to Defendant. The Government alleges that Defendant's firearm was manufactured outside of Texas and was later found in Texas. Under Fifth Circuit precedent, "[t]his evidence is sufficient to establish a past connection between the firearm and interstate commerce." United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996) (holding that § 922(g)(1) was constitutional as applied to the defendant because the firearm was manufactured in Massachusetts and was found in Texas, which was sufficient to establish a past connection between the firearm and interstate commerce); see also United States v. Alcantar, 733 F.3d 143, 145-46 (5th Cir. 2013) ("In United States v. Wallace, 889 F.2d 580, 583 (5th Cir. 1989), we concluded that § 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause. Following Wallace, we have consistently upheld the constitutionality of § 922(g)(1). . . . [W]e are not at liberty to overrule our settled precedent . . .").

Until the Fifth Circuit issues its en banc opinion in Squire, this court remains bound by Rawls and Alcantar.

---

[2](...continued)
without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court may grant a motion to dismiss an indictment if the defect "in the prosecution is essentially one of law." United States v. Guthrie, 720 F. App'x 199, 201 (5th Cir. 2018) (per curiam). A defendant may use a Rule 12(b)(1) motion to challenge the constitutionality of the charged statutes. United States v. Valencia, No. 5:17-CR-882-DAE(1)(2), 2018 WL 6182755, at *2 (W.D. Tex. Nov. 27, 2018).

[3]Defendant's Motion to Dismiss, Docket Entry No. 18, p. 1.

For the reasons explained above, Defendant's Motion to Dismiss (Docket Entry No 18) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 2nd day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE